Argued and submitted November 13, judgment modified to award wife spousal
support of $461 per month as of November 1, 2005; otherwise affirmed
December 13, 2006

In the Matter of the Marriage of

Aaron Eugene SWARTZ,
*Respondent,*

*and*

Flora R. SWARTZ,
aka Flora Rebecca Swartz,
*Appellant.*

9211-69188; A128273

149 P3d 316

George W. Kelly argued the cause and filed the brief for appellant.

Craig M. Cowley argued the cause for respondent. With him on the brief was Gevurtz, Menashe, Larson & Howe, P.C.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

SCHUMAN, J.

**SCHUMAN, J.**

Wife in this domestic relations case appeals from the trial court's order modifying the amount of spousal support she receives from husband, arguing that, under the parties' circumstances, the reduction ordered by the court was not just and equitable. We agree and modify the judgment.

A detailed statement of the facts, most of which were stipulated to by the parties, would not benefit the public, the bench, or the Bar. In brief, in 1994, when the parties' marriage was dissolved, husband was earning $3,860 per month and wife was unable to work full time due to medical problems. The court awarded the family home to wife and required husband to pay spousal support of $1,250 per month for two years followed by indefinite support of $1,100 per month.

In the 11-year interval between the dissolution of the parties' 31-year marriage and the initiation of this case, a number of relevant changes have occurred. Wife has assumed responsibility for one of the parties' children, a 42-year-old mentally challenged daughter. Husband retired at the age of 62 and has started collecting social security benefits. He also remarried. As a result, husband's household (consisting of him and his new wife) has a monthly income of approximately $4,236, derived as follows: $1,473 in social security benefits, plus $1,081 in pensions from former employers, plus $2,782 in income from his current wife, minus spousal support of $1,100. Husband's current wife has epilepsy and, perhaps, other unspecified extraordinary medical needs, but she has health insurance covering both herself and husband. The extent of coverage is not evident from the record. On his household income at the time of the modification hearing, husband was able to afford vacations; when asked if he could reduce his expenses, he replied, "Oh yes." He indicated that he could cut "two or three hundred dollars" without "changing [his] lifestyle."

Wife's household—herself and daughter—had a monthly income of $2,260, consisting of $1,100 in spousal support, $252 in daughter's salary, and $908 in daughter's

social security benefits. Wife anticipates social security benefits of $639 for herself. Wife has hypothyroidism, gastroesophageal reflux disorder, congestive heart failure, empyema, obstructive sleep apnea, and psychiatric problems including recurrent mild major depression. On her household income at the time of the modification hearing, wife had to live a spartan lifestyle.

Wife does not dispute that husband's retirement constitutes a change in circumstances, nor that husband's support obligation should be reduced. However, she argues that the trial court's reduction to $250 per month is not just and equitable in the circumstances. Rather, she requests this court to order husband to pay $461 per month; that amount, when added to her anticipated social security income, will maintain her income level at what it has been in the recent past.

We agree with wife that, under the parties' current circumstances, a reduction in husband's spousal support from $1,100 per month to $461 per month for an indefinite period is "just and equitable," while the reduction ordered by the trial court is not. That suggested amount will allow wife to maintain her current household income, which is barely adequate, without imposing significant hardship on husband. We also hold that the increase from $250 per month to $461 per month be retroactive to November 1, 2005, the date that the $250 per month payments began.

Judgment modified to award wife spousal support of $461 per month as of November 1, 2005; otherwise affirmed.